# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLETUS GIBBS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 06-508-RAW-SPS |
| **LARRY MOORE and** **CHARLES PEARSON,** | ) ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the court on the defendants' motions to dismiss. The court has before it for consideration plaintiff's amended complaint [Docket No. 6], the defendants' motions [Docket Nos. 21 and 28], and the parties' responses and replies [Docket Nos. 22, 23, 25, 26, and 30].

Plaintiff, a former inmate of the Muskogee County Jail, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional violations occurring during his incarceration at the jail. The defendants are Muskogee County Sheriff Charles Pearson and Muskogee County District Attorney Larry Moore.[1]

---

[1] The defendants in plaintiff's original complaint [Docket No. 1] were former Muskogee County District Attorney John David Luton and Larry Vickers, Jr., plaintiff's public defender. Plaintiff subsequently filed an affidavit asking to add Sheriff Charles Pearson as a defendant, which the court construed as a motion to file an amended complaint [Docket No. 3]. The motion to amend was granted, and plaintiff was instructed that his amended complaint must include all defendants and all causes of action [Docket No. 5]. Plaintiff then filed an amended complaint, twice listing "Charles Pearson Sheriff et al." as a defendant [Docket No. 6 at 1-2]. After plaintiff filed his amended complaint, he added current Muskogee County District Attorney Larry Moore as a defendant [Docket No. 17].

Plaintiff alleges in his amended complaint that Billie Thompson, the personnel director, denied him access to the law library and copies of legal material. He apparently is claiming it was Defendant Charles Pearson's duty to protect plaintiff's constitutional right of access to the courts. Defendant Pearson has filed a motion to dismiss, alleging plaintiff has not exhausted his administrative remedies, as required by 42 U.S.C. § 1997e. Plaintiff's amended complaint states on its face that he has not exhausted his administrative remedies [Docket No. 6 at 5], but he asserts in his responses to Pearson's motion that the defendants failed to hear his grievances [Docket No. 22 at 2 and Docket No. 26].

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The court finds plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies, and he has cited no authority or facts, other than his own conclusory allegations, to demonstrate he was denied access to those administrative procedures. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action). Defendant Pearson's motion to dismiss is granted.

Defendant Larry Moore also has filed a motion to dismiss plaintiff's amended complaint, alleging he did not personally participate in the alleged denied of access to the

---

Plaintiff contends in his response to Defendant Moore's motion to dismiss [Docket No. 30] that including "et al." in his amended complaint somehow incorporated his previous complaint. Plaintiff's amended complaint, however, superseded the original. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 19991) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977), *cert. denied*, 434 U.S. 1014 (1978).

2

courts, and he possesses absolute prosecutorial immunity. Plaintiff's response to the motion refers to the allegations in his original complaint in which he claimed he sat in jail for 256 days in 2006, before his pending criminal charges were dismissed.

Although plaintiff did not include these claims in his amended complaint, Defendant Moore possesses prosecutorial immunity from § 1983 lawsuits which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Plaintiff has failed to state a claim against Defendant Moore.

**ACCORDINGLY,** Defendant Charles Pearson's motion to dismiss for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e [Docket No. 21], is GRANTED, and plaintiff's claim against Defendant Pearson is DISMISSED WITHOUT PREJUDICE. Defendant Larry Moore's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 28], is GRANTED, plaintiff's claim against Defendant Moore is DISMISSED WITH PREJUDICE, and this action is closed in its entirety.

**IT IS SO ORDERED** this 3rd day of May 2007.

**Dated this 3rd Day of May 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma